UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY D. WILBURN, SR.,

        Petitioner,

v.                                            Case No. 15-cv-11453
                                            Honorable Gershwin A. Drain

J.A. TERRIS,

        Respondent.
                                       /

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

### I. INTRODUCTION

Timothy D. Wilburn, Sr., ("Petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se*, petitioner challenges his sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). For the reasons stated below, the petition for writ of habeas corpus will be **SUMMARILY DENIED.**

### II. BACKGROUND

Petitioner was convicted of being a felon in possession of a firearm following a jury trial in the United States District Court for the Eastern District of Wisconsin. Petitioner was sentenced to the statutory minimum term of 15 years under the provisions of the Armed Career Criminal Act after a finding that he had three prior violent felony convictions. Petitioner's conviction was affirmed on appeal. *United States v. Wilburn*, 473 F.3d 742 (7th Cir. 2007), *cert. denied*, 551 U.S. 1123 (2007).

Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *United States v. Wilburn,* No. 08-C-411 (E.D. Wis. February 10, 2009). Petitioner was then denied authorization to file a successive motion to vacate sentence twice by the United States Court of Appeals for the Seventh Circuit. *See Wilburn v. United States,* No. 10-2558 (7th Cir. July 8, 2010); *Wilburn v. United States,* No. 12-3784 (7th Cir. December 21, 2012).

Following the denials from the Seventh Circuit, Petitioner filed a motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure in the Wisconsin district court, which the district court denied, finding it to be an unauthorized second or successive motion to vacate sentence. *See United States v. Wilburn*, No. 04-CR-80, 2012 WL 5438990 (E.D. Wis. November 6, 2012).

The district court subsequently denied petitioner's motion to amend his § 2255 motion because his original § 2255 motion was no longer pending and had been deemed to be a successive motion. The Court directed the Clerk of Court to open a new civil action before dismissing the action for lack of jurisdiction. *See United States v. Wilburn*, No. 08-C-411, 2013 WL 1403057 (E.D. Wis. Apr. 5, 2013).

Nevertheless, Petitioner filed yet another motion to vacate sentence, which was again denied because it was an unauthorized successive motion to vacate sentence. *See United States v. Wilburn*, No. 04-CR-80, 2014 WL 2807539 (E.D. Wis. June 20, 2014). The Seventh Circuit denied petitioner's motion for a certificate of appealability from this dismissal, finding his appeal to be frivolous. *See Wilburn v. United States,* No. 2428 (7th Cir. November 18, 2014). Petitioner has now filed a petition for writ of habeas corpus in this Court seeking habeas relief.

### III. DISCUSSION

#### A. STANDARD OF REVIEW

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F. 3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999).

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley,* 677 F. 3d at 303; *Charles v. Chandler,* 180 F. 3d at 756.

The mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent a petitioner from filing a second or successive motion to vacate or set aside the sentence—in the absence of newly discovered evidence or a new rule of constitutional law—does not render the remedy provided by such motion inadequate or ineffective to allow him to petition for habeas corpus relief under 28 U.S.C. § 2241. *See Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000). Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the one year statute of limitations contained in the AEDPA to expire. *Charles,* 180 F. 3d at 758.

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are *narrow*, because the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). In fact, to date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241—via § 2255's savings clause—as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F. 3d at 757.

### B. LEGAL ANALYSIS

Here, Petitioner has filed a petition for writ of habeas corpus in this Court, seeking habeas relief on the following ground:

> Whether the U.S. Supreme Court's holding in *Johnson* [*v. United States*] renders Petitioner Wilburn Sr.'s ACCA enhancement pursuant to 18 U.S.C. § 924(e) statutorily ineligible. In light of *Johnson,* he is no longer an armed career criminal after *Johnson*, thus Mr. Wilburn, Sr. has received a punishment that the law cannot impose upon him. Therefore, Petitioner Wilburn, Sr. argues that his claim is cognizable pursuant to Section 2241 as it is a fundamental sentencing claim that results in a sentence [that] erroneously exceeded his statutory maximum, thus, Section 2241 is available in light of *Persaud [v. United States].*

Petitioner claims that his 1982 juvenile court adjudication out of the State of Wisconsin for armed robbery no longer qualifies as a predicate violent felony under the Armed Career Criminal Act, because the robbery did not necessarily involve "violent force," as defined by the U.S. Supreme Court in *Johnson v. United States,* 559 U.S. 133 (2010). Petitioner further claims that the Supreme Court's definition of "violent felony" in *Johnson* narrowed his exposure to a sentence enhancement under the Armed Career Criminal Act.

Despite the fact that the pre-sentence report prepared in Petitioner's federal criminal case indicates that a witness saw Petitioner and another individual approach and point guns at her husband; Petitioner claims that there are no documents or evidence, as contemplated by the Supreme Court in *Johnson* and several other Supreme Court cases, to prove that Petitioner actually used a firearm, knife, or destructive device, in order for his 1982 robbery conviction to qualify as a predicate felony conviction under the Armed Career Criminal Act.

After reviewing Petitioner's argument, the Court will summarily deny the petition for writ of habeas corpus. Petitioner's sentencing claim does not fall within the actual innocence exception that would allow him to file a § 2241 petition, because the Sixth Circuit has held that a habeas petitioner's challenge to his sentence cannot serve as the basis for an actual innocence claim under § 2241. *See Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir.2011).

This Court emphasizes that Petitioner does *not* allege or argue that he is innocent of the underlying felon in possession of a firearm conviction. Instead, he argues that his case falls within the actual innocence exception because the Supreme Court narrowed the definition of what constitutes a violent felony under the Armed Career Criminal Act. Petitioner's claim that he is innocent of the sentencing enhancement under the Armed Career Criminal Act does not come within the actual innocence exception under § 2241 because petitioner does not allege that he is innocent of the underlying firearms conviction. *See Brown v. Hogsten,* 503 Fed. Appx. 342, 343 (6th Cir. 2012); *Jones v. Castillo*, 489 Fed. Appx. 864, 866 (6th Cir. 2012); *Raymer v. Barron*, 82 Fed. Appx. 431, 432 (6th Cir. 2003).

Without any allegation that his remedy under § 2255 is inadequate or ineffective, Petitioner is not entitled to habeas relief from his criminal conviction and sentence pursuant to 28 U.S.C. § 2241. Moreover, this Court cannot construe this petition as a motion to vacate sentence

brought pursuant to 28 U.S.C. § 2255. *See In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002). Petitioner's petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Petitioner's petition does not meet this standard.

Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Indeed, the Sixth Circuit has indicated that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). This court has a duty to screen out a habeas corpus petition which should be dismissed for lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796 (additional citations omitted). All of this considered, and because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *See e.g. Perez,* 157 F. Supp. 2d at 796.

## IV. CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED WITH PREJUDICE.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

SO ORDERED.

Dated: April 30, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge