UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY D. WILBURN, SR.,

        Petitioner,

                                      Civil Action 2:15-CV-11453
v.                                      HONORABLE GERSHWIN A. DRAIN
                                      UNITED STATES DISTRICT COURT

J.A. TERRIS,

        Respondent,
_____/

**ORDER DENYING THE MOTION
TO ALTER OR TO AMEND JUDGMENT [#7]**

      This Court summarily denied the petition for writ of habeas corpus that had been filed by petitioner pursuant to 28 U.S.C. § 2241 on April 30, 2015. The Court determined that petitioner was not entitled to seek habeas relief from his sentence enhancement under the Armed Career Criminal Act because his sole federal post-conviction remedy for seeking relief was by filing a motion to vacate sentence under 28 U.S.C. § 2255 and petitioner failed to show that his remedy under this statute was inadequate or ineffective. *Wilburn v. Terris*, No. 15-CV-11453, 2015 WL 1966533 (E.D. Mich. Apr. 30, 2015).

      Petitioner has filed a motion to alter or amend judgment. For the reasons that follow, the motion to alter or to amend judgment is DENIED.

      A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp.2d 547, 550 (E.D. Mich. 1999). Local Rule 7.1 (h) allows a party to file a motion for reconsideration. E.D. Mich. L.R. 7.1(h). However, a motion

for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Hence*, 49 F. Supp.2d at 551-53; *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner is merely attempting to re-hash arguments that he previously raised in his original habeas petition in support of his assertion that he was entitled to seek habeas relief from his sentence enhancement under the Armed Career Criminal Act. The Court will therefore deny petitioner's motion for reconsideration because petitioner is merely presenting issues which were already expressly ruled upon by this Court when the Court summarily denied his habeas application. *See Hence,* 49 F. Supp. 2d at 551-53.

IT IS HEREBY ORDERED that the motion to alter or amend a judgment [Dkt. # 7] is DENIED.

/s/Gershwin A Drain
**HONORABLE GERSHWIN A. DRAIN**
**UNITED STATES DISTRICT JUDGE**

**Dated:** June 4, 2015